[No. 36041. Department Two. April 12, 1962.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIE PRICE, JR., *Appellant.**

* Reported in 370 P. (2d) 979.

*Willie Price, Jr.*, pro se.

*Charles O. Carroll* and *Lewis Guterson*, for respondent.

OTT, J.—May 15, 1959, by an amended information, Willie Price, Jr., was charged in King County with the crimes of (1) burglary in the second degree, and (2) grand larceny. Upon arraignment, he pleaded not guilty. June 2, 1959, the jury found him guilty as charged. June 4, 1959, he filed a motion in arrest of judgment or, in the alternative, for a new trial. June 24, 1959, a hearing was had on the motion which was denied.

Prior to being sentenced upon the verdict of the jury, a supplemental information was filed in which it was alleged that on or about November 20, 1940, Willie Price, Jr., was

convicted of the crime of burglary in the second degree in Missouri; that on or about December 11, 1944, he was convicted in the United States District Court for the Eastern District of Missouri for violation of federal counterfeiting statutes; that on or about July 5, 1950, he was convicted in the Superior Court for Franklin County, Washington, of attempted unlawful taking of an automobile; that on or about June 18, 1954, he was convicted in the Superior Court for King County of burglary in the second degree; that each of these crimes, at the time of its commission, was a felony under the laws of the State of Washington, and that the increased penalty provisions of the habitual criminal act should be imposed.

The defendant entered a plea of not guilty as charged in the supplemental information. October 20, 1959, the jury found that the defendant had committed the felonies as alleged in the supplemental information, and was an habitual criminal.

November 24, 1959, defendant was sentenced upon the June 2, 1959, verdict of the jury to imprisonment in the state penitentiary as an habitual criminal. October 28, 1960, defendant filed in the superior court a motion to vacate the judgment and sentence, as provided by RCW 4.72.010. April 26, 1961, the motion was denied. May 1, 1961, defendant gave notice of appeal from the order denying his motion to vacate the judgment and sentence.

On appeal, appellant contends that the court erred in its refusal to vacate the judgment and sentence "For . . . irregularity in obtaining a judgment or order." RCW 4.72.010(3).

The statutes relative to vacation of judgment apply to both criminal and civil cases. *State v. Roberts*, 136 Wash. 359, 240 Pac. 3 (1925). A judgment, unless void on its face, is given every reasonable intendment of validity and will not be set aside upon a motion to vacate it, except upon a clear showing of irregularity, together with a prima facie showing of a meritorious defense. *State v. Williams*, 51 Wn. (2d) 182, 316 P. (2d) 913 (1957), and cases cited.

A motion to vacate a judgment is not a means by

which the court can review or revise its own final judgments or correct errors of law. *In re Jones' Estate*, 116 Wash. 424, 199 Pac. 734 (1921); *In re Ellern*, 23 Wn. (2d) 219, 160 P. (2d) 639 (1945); *Muscek v. Equitable Sav. & Loan Ass'n*, 25 Wn. (2d) 546, 171 P. (2d) 856 (1946).

Irregularities which can be considered on a motion to vacate a judgment are those relating to want of adherence to some prescribed rule or mode of proceeding. Such irregularities consist of either omitting a procedural matter that is necessary for the orderly conduct of a trial, or doing it at an unseasonable time or in an improper manner. *Muscek v. Equitable Sav. & Loan Ass'n, supra*, and cases cited. None of appellant's alleged procedural irregularities comes within the purview of this rule.

We have held that the denial of a constitutional right in connection with an arraignment is an irregularity within the meaning of RCW 4.72.010(3). *State v. Taft*, 49 Wn. (2d) 98, 297 P. (2d) 1116 (1956). The first alleged procedural irregularity that appellant contends affected his constitutional rights is that an amended information was filed without his knowledge or consent, after he had pleaded not guilty to the original information.

Prior to trial, the court granted the respondent's motion for leave to amend the information. The appellant was arraigned and pleaded not guilty to the amended information and was given a copy thereof. He made no motion for a continuance, and the cause proceeded to trial. The arraignment procedure was regular and in accordance with approved practices in this state. *State v. Jennen*, 58 Wn. (2d) 171, 361 P. (2d) 739 (1961).

Appellant next contends that he was entitled to a jury trial upon the issue of whether the judgment and sentence should be vacated. We do not agree. In a criminal proceeding, the constitution guarantees to the defendant a jury trial only on the issues of fact which determine his guilt or innocence. U. S. Const. Sixth Amendment; Const. Art. 1, § 22 (amendment 10). Appellant was afforded a jury trial in this respect. A motion to vacate a judgment involves a question of law; it presents no issue of fact. Therefore,

appellant was not entitled to a jury trial, and was not denied his constitutional guarantees by the court's consideration of the motion to vacate the judgment and sentence.

 Finally, appellant contends that he has been twice placed in jeopardy; first, when tried upon the charges of burglary and larceny and, secondly, when he was charged with being an habitual criminal. The habitual criminal statute, RCW 9.92.090, does not establish a substantive offense. *State v. Lei, ante* p. 1, 365 P. (2d) 609 (1961). The proceeding determines the statutory punishment for the offense with which the accused is charged and of which he is convicted. Appellant was only once placed in jeopardy for the crimes of burglary and larceny.

For the reasons stated, we find no merit in appellant's remaining contentions.

The judgment is affirmed.

FINLEY, C. J., DONWORTH, HUNTER, and HAMILTON, JJ., concur.