**David MANNING, Petitioner,**

v.

**The STATE OF CALIFORNIA et al.,**
**Respondents.**

**No. 21484.**

United States Court of Appeals
Ninth Circuit.

May 15, 1967.

---

Thomas C. Ryan, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., Albert W. Harris, Jr., Asst. Atty. Gen., Robert

R. Granucci, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before POPE, BARNES and HAMLEY, Circuit Judges.

PER CURIAM:

The appeal of petitioner below from the order denying petition for a Writ of Habeas Corpus is affirmed, on the order of the District Court, and for the reasons expressed therein. We adopt it in toto:

"Petitioner, a state prisoner confined at San Quentin, has made application to this Court for a writ of habeas corpus. An order to show cause why the petitioner should not be released was issued on August 31, 1965. Following the hearing on the order to show cause, the case was set down for an evidentiary hearing and the Court appointed Thomas C. Ryan, Esq., to represent petitioner. The evidentiary hearing was held on November 12, 1965. Subsequent to the submission of the case, this Court issued an order vacating submission on June 28, 1966, so that the parties could consider the application of two recent decisions of the United States Supreme Court, Miranda v. [State of] Arizona, 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694] (1966), and Johnson v. [State of] New Jersey, 384 U. S. 719, [86 S.Ct. 1772, 16 L.Ed.2d 882] (1966).

"The evidence adduced at the evidentiary hearing was primarily related to petitioner's claim that a confession was elicited in violation of the rule announced in Escobedo v. [State of] Illinois, 378 U. S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977] (1964), as interpeted by this court in Carrizosa v. Wilson, 244 F.Supp. 120 (N. D. Calif. 1965). Petitioner contends that this confession so secured was the motivating factor which prompted him to enter a plea of guilty.

"In view of the recent rulings in *Miranda* and *Johnson*, it is the opinion of this Court that since petitioner did not make a request for counsel, his claim does not satisfy the requirements laid down in *Escobedo* as amplified in the above cases.

"While this Court has previously held that *Escobedo* did not require a request for counsel on the part of an accused, Carrizosa v. Wilson, supra, it is now clear that the United States Supreme Court has held to the contrary as to all cases tried before June 13, 1966. In Johnson v. [State of] New Jersey, supra, the Court stated:

'Apart from its broad implications, the precise holding of *Escobedo* was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial,

"[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent * * *." 378 U.S., at 490–491 [84 S.Ct. 1758, 12 L.Ed.2d 977] Because *Escobedo* is to be applied prospectively, this holding is available only to persons whose trial began after June 22, 1964, the date on which *Escobedo* was decided.

'As for the standards laid down one week ago in Miranda, if we were persuaded that they had been fully anticipated by the holding in *Escobedo*, we would measure their prospectivity from the same date. Defendants still to be tried at that time would be entitled to strict observance of constitutional doctrines already clearly foreshadowed. *The disagreements among other courts concerning the implications of Escobedo,* however, have impelled us to lay down additional *guidelines for situations not presented by that case.* This we have done in *Miranda,* and these guidelines are therefore available only to persons whose trials had not begun as of June 13,

1966 * * *.' 384 U.S. 733–734, [86 S.Ct. 1772, 16 L.Ed.2d 882] [emphasis added]

"There having been no request for counsel in the instant case, and the petitioner having pleaded guilty on August 5, 1964, the petition for writ of habeas corpus must be and is hereby DENIED, the order to show cause discharged and the proceedings dismissed."