**Arnold Ruben RUIZ, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 20674.

United States Court of Appeals
Ninth Circuit.

June 20, 1967.

George W. Jansen, San Diego, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Vande Kamp, J. Brin Schulman, Phillip W. Johnson, Shelby R. Gott, Asst. U. S. Attys., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and POWELL, District Judge.

PER CURIAM:

Appellant was convicted of smuggling marihuana into the United States in violation of 21 U.S.C. § 176a. His defense was a lack of knowledge of the existence of the contraband in the car he was operating. He testified that a chance acquaintance asked him to drive the station wagon to San Diego and deliver it to the registered owner. A quantity of marihuana of approximately 94 pounds was found secreted behind the side panels of

the station wagon when it was searched at the border.

A customs agent testified that shortly before the station wagon was driven through the Port of Entry he was given an accurate description of it. The informant advised he had seen the vehicle in the yard of a well known narcotics vendor. There was no testimony that the informant had any part in the loading or driving of the automobile.

Appellant made timely motions to require the Government to disclose the name and description of the informant. The Court's denial of the motions is the sole claim of error.

Appellant relies on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957) as requiring disclosure of the identity of the informant. He asserts the informant might assist in locating the chance acquaintance who entrusted the car to him. He quotes the following:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." (353 U.S. 53 at 62, 77 S.Ct. 623 at 628–629).

The particular circumstances of this case do not compel disclosure of the identity of the informant. There was no adequate showing that his testimony would have been significant or that the defenses would have been changed or strengthened by knowledge of his identity or his production in court. The trial court's rulings were correct. See: McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967) and Powell v. United States, 374 F.2d 386 (9 Cir., Mar. 15, 1967).

Judgment is affirmed.