Miguel LAMENCA, Joseph Santos and Pedro Meza-Bustamonte, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 21044–21046.

United States Court of Appeals Ninth Circuit.

July 17, 1967.

Rehearing Denied Aug. 14, 1967.

Barton C. Sheela, Jr., Ramon Castro, Sheela, O'Laughlin & Hughes, San Diego, Cal., for appellants.

Edwin L. Miller, Jr., U. S. Atty., Phillip Johnson, Asst. U. S. Atty., San Diego, Cal., for appellee.

Before JERTBERG, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

These are appeals from convictions under 21 U.S.C. § 176a (1964) for smuggling and conspiring to smuggle marihuana. We find no error.

The government's circumstantial evidence, combined with appellants' false statements to government agents, made a sufficient case for the jury.

Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), did not bar admission of appellants' statements to government agents since none of the appellants requested counsel (Manning v. California, 378 F.2d 357, 358 (9th Cir. 1967)), and, in any event, there was ample basis for a finding of waiver.

The trial court's refusal to force disclosure of the government's informer was not error. The customs inspectors who searched the 1955 Chrysler automobile driven by Meza-Bustamonte acknowledged that they had been "tipped off" by an informer who claimed to have seen a 1955 Chrysler taken into the garage of a known Tijuana narcotics vendor. The informer also noted the presence at the scene of a late model Chevrolet, the description and California license number of which matched that of the car driven by Santos when he was arrested at the San Ysidro Port of Entry some thirty minutes later. Thus it was clear that the informer was merely an observer of the events described, and that he did not participate in the loading or driving of the automobile. Conceivably the informer might have aided the defense of Meza-Bustamonte, who testified that he had been duped into driving the car across the border by two persons whose names he did not know, that he had not participated in placing the marihuana in the car and was unaware of its presence (but see Ruiz v. United States, 380 F.2d 17 (9th Cir. 1967)); but Meza-Bustamonte did not join in the request for disclosure. Lamenca and Santos made no adequate showing that knowledge of the informer's identity would have aided their defense. On the other hand, the government advised the court that the informer's reports on known Tijuana narcotics dealers had been of great value, and that the government believed the informer would be "done away with" if his identity became known to the Tijuana narcotics vendor in whose garage the car had been loaded. See Ruiz v. United States, supra, and cases cited therein.

The remaining specifications of error are also without merit.

Affirmed.