**UNITED STATES of America,
Appellee,
v.
Edward HURSE, Appellant.
No. 71–1274.**

United States Court of Appeals,
Eighth Circuit.
Dec. 23, 1971.
Rehearing Denied Jan. 11, 1972.

Samuel Raban, St. Louis, Mo., for appellant.

Robert B. Schneider, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON and HEANEY, Circuit Judges, and VAN PELT, Senior District Judge.

GIBSON, Circuit Judge.

The defendant was convicted of possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d) (unlawful possession of an unregistered firearm). On appeal defendant contends the search of his home without a warrant and the seizure of the weapon complained of in the indictment was illegal. He also asserts errors during the trial relating to the receipt of evidence and the failure of the trial court to order disclosed to him the identity and whereabouts of an informer.

A pretrial motion to suppress the evidence of the sawed-off shotgun was heard by the trial court and denied. The Government's position there and on appeal was that the offending gun was seized pursuant to a lawful arrest. Admittedly no search warrant was obtained, and probable cause to enter the defendant's home and execute a search there is based on alleged information received by the police officers from an undisclosed informer's statement to them that the informant had just bought heroin from the defendant at his home and that the defendant had a sawed-off shotgun in his possession.

The defendant requested the Government to disclose the identity of the informer and upon refusal, a formal motion to disclose the identity of the informant was filed. This motion was overruled by the trial court on the basis that the informant's testimony was not necessary in prosecuting defendant on the charge of unlawful possession of a firearm. The Government's position is that the identity and whereabouts of the informer should not be disclosed for security reasons and as a matter of public policy.

This Court appreciates the need to protect informants from retaliatory

actions and possible harm and we do not think an informer's identity should be disclosed unless the disclosure is vital to a fair trial or, as in this case, vital to the integrity of the conviction. *See* United States v. Hanna, 341 F.2d 906 (6th Cir. 1965); United States v. Coke, 339 F.2d 183 (2d Cir. 1964).

■ The privilege against disclosing the identity of an informer is based on public interest in effective law enforcement but must be balanced by the fundamental requirement of fairness. As expressed in Roviaro v. United States (1957), 353 U.S. 53 at 60–61, 77 S.Ct. 623, at 628, 1 L.Ed.2d 639 "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way"; and as earlier noted in Scher v. United States (1938), 305 U.S. 251 at 254, 59 S.Ct. 174 at 176, 83 L.Ed. 151 "Public policy forbids disclosure of an informer's identity unless essential to the defense, as for example, when this turns upon an officer's good faith."

In further considering the common law privilege against revealing the identity of an informer the Supreme Court in a sharply divided opinion in McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1966) held that the identity of an informer need not be disclosed even where the informant's information was the predicate for probable cause for a warrantless arrest. Of course, as *Roviaro, supra* held,

"[N]o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 62, 77 S.Ct. at 628–629.

In resolving the dilemma arising between honoring the privilege of nondisclosure and disclosure necessary to legitimate a search, the Third Circuit in United States v. Jackson, 384 F.2d 825 (3d Cir. 1967), approved an *in camera* proceeding in which the trial court determined whether or not disclosure of the informer's identity would be essential to a fair determination of the cause. The proposed Rules of Evidence for the United States District Courts (Draft of September 1971) in Rule 510, "Identity of Informer", recognizes the privilege, states the exceptions to it as set forth in *Roviaro*, and also provides for an *in camera* proceeding in ¶c(3), which states in pertinent part:

"If information from an informer is relied upon to establish the legality of the means by which evidence was obtained * * *, he [the judge] may require the identity of the informer to be disclosed. The judge may permit the disclosure to be made *in camera* or make any other order which justice requires." [1]

■ While these Rules have not yet been adopted, it would appear that the

[1]. The Advisory Committee's Note to this rule cogently observes:

"(3) One of the acute conflicts between the interest of the public in nondisclosure and the avoidance of unfairness to the accused as a result of nondisclosure arises when information from an informer is relied upon to legitimate a search and seizure by furnishing probable cause for an arrest without a warrant or for the issuance of a warrant for arrest or search. McCray v. Illinois, 386 U.S. 300 [87 S.Ct. 1056, 18 L.Ed. 2d 62] * * *. The hearing *in camera* which the rule permits provides an accommodation of these conflicting interests. United States v. Jackson, 384 F. 2d 825 (3d Cir. 1967). The limited disclosure to the judge avoids any significant impairment of secrecy, while affording the accused a substantial measure of protection against arbitrary police action. The procedure is consistent with *McCray* and the decisions there discussed."

courts would have the inherent power to hold an *in camera* proceeding where the circumstance warrants so that both the informer witness and the public policy in favor of effective law enforcement may be observed while still making a judicial determination of the need for disclosure where essential to a fair trial.

Here there is a wide conflict in the evidence adduced by the Government and that supplied by the defendant. The defendant did not take the stand, ostensibly because of his very extensive arrest record, but he did seek to contravene the police officer's testimony to the extent that either the police officers or some of the witnesses offered by the defendant testified falsely.[2]

In this case, however, the officers' basis for demanding entrance to and searching the defendant's home rests on their statement that a reliable informer, only a few minutes prior to their entry, had purchased narcotics from the defendant at his home and that the defendant was there with a sawed-off shotgun in his possession. On this record no narcotics were found in the search of the defendant or his home, the officers did not witness the alleged sale, and the probable cause to arrest the defendant and search his home is based on the undisclosed informer's information. Thus while the evidence is sufficient to convict for the unlawful possession of a sawed-off shotgun, the probable cause for the initial entry rests on the validity of the informant's information. In this situation it is therefore essential both to a fair trial and to the integrity of the verdict that the court satisfy itself that the police did have probable cause for the initial entry and arrest.

■ We are, therefore, of the opinion that in this situation the identity of the informant should be disclosed to the court and the court should satisfy itself on the issue of probable cause for the initial entry and make such further orders as may be warranted under the circumstance.

We have examined the other contentions made by the defendant concerning the receipt of evidence of other crimes and offenses and find that they are without merit. A reading of the entire record and a consideration of the briefs and contentions of the parties reveal no reversible error other than the resolution of the issue of probable cause for the initial entry of the police officers into the home of the defendant. If there was no probable cause for the police to make their initial entry into defendant's premises, the motion to suppress should have been granted.

Cause remanded for further proceedings consistent with this opinion. If probable cause existed for the initial police entry the judgment of conviction shall stand; otherwise it shall be vacated.

2. All of the police officers testified in substance that no forcible entry was made and that upon knocking on defendant's front door, the defendant after a short period of time, after asking who was there and receiving no response, opened the door half way and stood a few feet from the door with a sawed-off shotgun in his left hand. The defendant's girl friend testified directly contrary to the police officers, contending that the police officers knocked on the door in a threatening manner, walked in and searched the place, went into the basement and returned with a sawed-off shotgun which they forced into the hands of the defendant. This conflict was of course resolved by the jury who credited the police officers.