**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**John DOE a/k/a "Lagas" Robert Tarango Lujan, Defendant-Appellant.**

No. 75-2373
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409.  Part I.

Tony Aguilar (Court-appointed), El Paso, Tex., for defendant-appellant.

John Clark, U. S. Atty., San Antonio, Tex., Frank B. Walker, El Paso, Tex., for plaintiff-appellee.

Before WISDOM, CLARK and RONEY, Circuit Judges.

CLARK, Circuit Judge:

Robert Tarango Lujan was convicted by a jury of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The only issue on appeal concerns the propriety of a post-trial *in camera* proceeding conducted by the trial judge with a confidential informant. Finding the procedure consistent with the dictates of *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and today's decision in *United States v. Freund,* 525 F.2d 873 (5th Cir. 1976), we affirm the conviction.

Roy Wiseman, an El Paso police officer specially assigned to the DEA Task Force, testified that on October 24, 1974, he purchased heroin from Lujan at Lujan's El Paso apartment. Wiseman stated that he was introduced to Lujan by a confidential informant who was present throughout the negotiations and sale. The informant did not otherwise participate in the transaction. At trial, Lujan presented an alibi defense, claiming that at the time of the transaction he was in Juarez, Mexico, getting his teeth fixed.

The government opposed defense counsel's motion to require disclosure of the informant's identity, insisting that the informant's life would be jeopardized if he were brought to the courthouse. During a conference outside the presence of the jury, the trial judge discussed with the prosecutor and defense counsel the possibility of interviewing the informant *in camera.* At one point, defense counsel stated that "I would not want the court to get the idea that I had reservations about the *in camera* interview. This is better than any thing we have thought of because the court could make an evaluation." Later in the discussion, however, the defendant took the position that he was entitled to confront and cross-examine the informant regardless of what an *in camera* hearing might reveal to the court. The informant was not produced for an *in camera* interview during the course of the trial, because the government asserted a belief that even such limited exposure would endanger his life.

In an attempt to resolve any reservations the court might have harbored concerning the possibility of a misidentification of Lujan, the government called an El Paso police detective who had previously conferred with the informant. Outside the presence of the jury, the officer testified that he had shown the in-

formant a 10-year-old, police file photograph of Lujan and that the informant had positively identified Lujan as the man who sold the heroin to Wiseman. Although troubled by the manner in which the informant made the identification of Lujan, the trial court refused to order disclosure of the informant's identity on the basis that nothing in the record indicated that the informer's testimony would be relevant or helpful to the defense. The case was then submitted to the jury and a verdict of guilty was returned.

In Lujan's motion for a new trial, his counsel again urged that the refusal to disclose was erroneous. To insure that the prior order was correct, the trial court conducted an *in camera* interview with the informant on April 7, 1975. In the course of this interview the court administered new identification procedures to test the informant's ability to identify Lujan as the subject heroin seller. Based upon this *in camera* examination, the trial court explicitly found that the informant could positively identify Lujan as the seller of heroin and that the informer's testimony would in no way benefit the defense.

In this court, Lujan renews his objection to the court's refusal to disclose the identity of the informant. Additionally, Lujan claims that the *in camera* interview, coupled with the post-trial lineup, violated his rights to assistance of counsel and to confront witnesses against him.

█ In every case in which the government seeks to assert the so called "informer's privilege," the trial court is faced with the difficult task of balancing the government's interest in secrecy against the defendant's right to prepare his defense. *Roviaro v. United States,* 353 U.S. at 62, 77 S.Ct. at 628–29. Especially in instances where the informant is a witness to the illegal transaction, the trial court must closely examine the circumstances of the particular case to determine whether the informant's testimony would be relevant or helpful to the defense. As we recognized in *United States v. Freund,* 525 F.2d 873 (5th Cir. 1976), an *in camera* proceeding can be an appropriate device to aid the court in striking the *Roviaro* balance.

█ In light of Lujan's alibi defense, the district court correctly reasoned that disclosure would not be warranted unless the informant either could not positively identify Lujan or possessed some other evidence that would tend to exonerate the defendant. Both the *in camera* interview and the test identification procedures provided the court with precisely the sort of information upon which its ruling on disclosure should have been based. On similar facts, this court has affirmed another trial court's refusal to order disclosure. In *United States v. Davis,* 487 F.2d 1249 (5th Cir. 1973), we approved nondisclosure when the informant's role consisted solely of introducing the defendant to government agents and being present during the illegal transaction.

█ Assuming that defense counsel properly made and preserved his objection to the *in camera* proceeding, we hold that the proceeding here was proper and did not violate the Sixth Amendment rights Lujan asserted. The conviction is

Affirmed.