[No. 2219-3.   Division Three.   September 15, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES HARRIS, *Appellant*.

*Michael J. Platts* and *Kelley & Blinn,* for appellant (appointed counsel for appeal).

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *Grant A. Mueller, Deputy,* for respondent.

GREEN, J.—James L. Harris appeals a conviction for possession of a controlled substance. Error is assigned to the trial court's refusal to require the State to reveal the identity of a confidential informer who participated in the alleged delivery by defendant of the controlled substance. We hold that the trial court erred in refusing to compel disclosure.

At trial, the arresting officer testified on direct examination that he was approached by Harris and Robert Morris in an alley behind the Arrow Tavern in Wenatchee, Washington. The informer was present at the scene. The officer asked Harris if he had some pharmaceutical speed, and Harris stated he did. The officer then asked Harris if he could see the drugs, and Harris indicated to Morris to show him the items. Morris took out a folded cigarette package and the officer asked whether that was the dope. Morris opened the package and showed the officer what appeared to be broken cigarettes. The officer then asked if they were playing games and started to leave the area. Harris asked the officer to wait, and Morris walked around the corner. Morris returned quickly with a sack which he handed to the informer who in turn handed it to Harris. Harris extracted a brown bottle containing yellow pills from the sack. After dickering over price for awhile, Harris

agreed to sell the officer the pills for $20. The officer gave Harris a $20 bill and Harris gave him the bottle. Harris and Morris then began to walk away, and the officer told the informer to get out of the area as fast as he could. The officer then arrested Harris and Morris. The $20 bill was not recovered, and the officer assumed Harris had eaten it.

On cross–examination, defense counsel asked the arresting officer how he arranged to get Harris in the alley. The officer indicated the informer had arranged it, and that the informer was present at the time of the transaction. Defense counsel then asked the officer the name of the informer. Before the officer could answer, the prosecution interposed an objection to the question based upon the informer's privilege. In accordance with RAP 9.4, the parties stipulated to the following facts. Harris testified he was in the alley for the purpose of obtaining drinks from a bottle he had left there, and the drugs were in his possession as a result of a valid prescription. He further stated he did not deliver the drugs to the officer, but rather the officer took the drugs from his pocket. Shoemaker, a pharmacist, testified he filled a prescription of Tedral for Harris. A Wenatchee police officer, Greg Bowles, testified Harris was stopped and questioned by him earlier the day of the arrest concerning a disturbance in the McKenzie Cafe, and at that time he observed the prescription drugs in Harris' possession with Harris' name on the bottle.

The trial court refused to require the State to reveal the identity of the confidential informer at pretrial hearing and later sustained the prosecutor's objection to defense counsel's question as to the informer's identity. Harris contends the disclosure of the informer's identity in this case is compelled by the holding of *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957), wherein it is stated at pages 60–61:

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

The State relies on additional language in *Roviaro* which states at page 62:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

In *Roviaro,* the government's informer was the sole participant other than the accused in the illegal transaction. The informer was the only witness in a position to contradict the testimony of government witnesses. In addition, a government witness testified that the informer denied knowing Mr. Roviaro or having seen him before. Harris contends the present case is analogous to *Roviaro* because here the State's entire case turned on the good faith of the arresting officer's testimony, and thus the informer's identity is essential to a fair determination. The State, on the other hand, contends that the present case is distinguishable from *Roviaro* because in *Roviaro* the informer was the sole participant other than defendant in the illegal transaction, while in this case, there were four persons present.

██ Generally, the prosecution is privileged to withhold the identity of a confidential informer from an accused. *Roviaro v. United States, supra; State v. Driscoll,* 61 Wn.2d 533, 379 P.2d 206 (1963); *State v. Burleson,* 18 Wn. App. 233, 566 P.2d 1277 (1977); *State v. White,* 10 Wn. App. 273, 518 P.2d 245 (1973); CrR 4.7(f)(2); Annot., 76 A.L.R.2d 262 (1961). The purpose of this rule is to preserve anonymity thereby encouraging disclosure of information to police. This purpose, however, must be balanced against the individual's right to prepare his defense. The person seeking disclosure has the burden of showing justification for an exception to the general rule. Generally, disclosure is required where the informer is a participant in the crime charged. *Roviaro v. United States, supra; Powell*

*v. United States,* 374 F.2d 386 (9th Cir. 1967)(dictum); *Gilmore v. United States,* 256 F.2d 565 (5th Cir. 1958); *People v. Goliday,* 8 Cal. 3d 771, 505 P.2d 537, 106 Cal. Rptr. 113 (1973); *State v. Jessie,* 521 P.2d 1323 (Ore. Ct. App. 1974); 3 C. Torcia, *Wharton's Criminal Evidence* § 580 (1973); Annot., 76 A.L.R.2d 262 (1976). On the other hand, where the informer merely supplies a lead, the tendency is to not require disclosure. *United States v. Alvarez,* 472 F.2d 111 (9th Cir. 1973); *Miller v. United States,* 273 F.2d 279 (5th Cir. 1959); 3 C. Torcia, *Wharton's Criminal Evidence* § 580 (1973); Annot., 76 A.L.R.2d 262 (1961).

Here, the arresting officer testified the informer was an active participant in the crime and actually passed the drugs from Morris to Harris. At trial, there was a conflict between the testimony of the arresting officer and Harris. Obviously, the informer was a material witness to the crime whose testimony could have corroborated either the arresting officer or Harris' testimony. Under the circumstances, Mr. Harris has met the burden of showing justification for the disclosure and the trial court erred in denying his request.

In view of our decision, we do not reach the additional assignment of error.

Accordingly, this case should be remanded to the Superior Court for Chelan County for further proceedings. The Superior Court shall compel the disclosure of the confidential informer's identity to Mr. Harris and his counsel. If the State refuses to disclose the informer's identity, the charges shall be dismissed. If the State discloses the informer's identity, the Superior Court shall hold a hearing to determine whether the informer's testimony could benefit Mr. Harris. If it appears the testimony of the informer could benefit Mr. Harris, then he shall be afforded a new trial. On the other hand, if it appears the informer's testimony could not benefit Mr. Harris, then the conviction of Mr. Harris shall be affirmed.

Remanded for further proceedings in accordance with this opinion.

MUNSON, C.J., and McINTURFF, J., concur.

Reconsideration denied October 19, 1977.

Review granted by Supreme Court April 7, 1978.