510

THE STATE OF WASHINGTON, *Respondent*, V. EARL
ANTHONY JOSEPH, *Appellant*.

*John G. Ziegler,* for appellant (appointed counsel for
appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *J.
Robin Hunt, Deputy,* for respondent.

SWANSON, J.—Earl Anthony Joseph appeals a conviction of possession of a controlled substance with intent to manufacture or deliver, contending the trial court erred by denying repeated motions for the production of a material witness. We agree and remand for further proceedings.

The only portion of the State's case relevant to this appeal consists of the testimony of two policemen, summarized as follows: A police detective had arranged a sale of heroin to be consummated at the Seattle–Tacoma International Airport. The seller, "Earl," was to be met upon arrival from Oakland by the buyer/officer and an informer who knew the seller.

Testimony continued that Joseph disembarked near or with another man, later identified as Harry Villa. They did not converse or walk together; rather, Villa lagged behind Joseph. Joseph walked directly to the informer and conversed with her. The policeman could not overhear the conversation. The informer hugged Joseph, a prearranged signal indicating he had brought the heroin. Villa appeared to be following Joseph at a distance. Police officers followed both Joseph and Villa, believing the seller might have been accompanied due to the size of the sale.

Near an exit the officer following Villa identified himself. A scuffle ensued during which Villa threw a packet of material later recovered and identified as heroin. As Villa was subdued another officer arrested Joseph. A search revealed no controlled substance on Joseph's person.

Joseph's testimony offered a very different picture of the events. He stated that he had travelled to Seattle alone for the purpose of attending a community college. Upon leaving the airplane he noticed an attractive stranger and invited her to breakfast. She politely refused, patting him on the arm. As he started to leave the airport to meet a friend he was arrested.

A number of times before and during trial Joseph moved for the production of the informer to testify on his behalf. Joseph argued the informer would clarify that his arrest

had been a mistake and prove him innocent of the constructive possession of the heroin found on Villa. Joseph did not request disclosure of the informer's identity or whereabouts, but only that she appear at trial as a witness. Thus, the only question before us is whether the informer was a material witness whose absence deprived Joseph of a fair trial.

The standard for disclosure of the identity of an informer was discussed in *Roviaro v. United States,* 353 U.S. 53, 62, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). There the United States Supreme Court averred:

> We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Such a balancing test, however, should favor an accused when fundamental fairness so requires.

> Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.

(Footnote omitted.) *Roviaro v. United States, supra* at 60–61. In concluding that nondisclosure was error in *Roviaro,* the court emphasized that "[t]he informer was the only witness in a position to amplify or contradict the testimony of government witnesses." *Roviaro,* at 64.

In a situation analogous to ours, the court in *State v. Harris,* 18 Wn. App. 564, 569 P.2d 84 (1977), reviewed an appeal of a conviction of possession of a controlled substance. In *Harris,* an arresting officer testified to an alleged sale of pharmaceutical speed, where the only individuals present were the officer, an informer, the accused, and his companion. After a thorough review of the purpose and

elements of the balancing test for disclosure of an informer's identity, the court concluded:

> At trial, there was a conflict between the testimony of the arresting officer and Harris. Obviously, the informer was a material witness to the crime *whose testimony could have corroborated either the arresting officer or Harris' testimony.* Under the circumstances, Mr. Harris has met the burden of showing justification for the disclosure and the trial court erred in denying his request.

(Italics ours.) *State v. Harris, supra* at 568.

We find the reasoning of the *Harris* court conclusive herein. It is unnecessary to question whether the informer's role in the instant situation was that of an active participant or a mere identifier. Absent her testimony, the trier of fact confronts two plausible, but inapposite, versions of the same events. Because Joseph had no drugs on his person the testimony of the informer could completely exonerate him of any crime. Conversely, her testimony could establish conclusively the State's accusation that Joseph was constructively in possession of the heroin found on Villa and intended to sell same. Clearly, the informer was a material witness, and Joseph demonstrated adequate justification for her production at trial.

The State argues, however, that the trial court correctly denied production of the informer because the prosecuting attorney represented that the informer (1) was in great fear of the accused and (2) was out of the jurisdiction of the court and thus potentially unavailable. Such grounds are inadequate. First, it was the State's position (denied by Joseph) that the informer and Joseph knew one another. If such was the case, the appearance of the informer could not increase her presumed peril so long as her whereabouts were kept confidential. "[O]nce the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege [of nondisclosure] is no longer applicable." (Footnote omitted.) *Roviaro,* at 60. Second, that the informer may no longer be subject to process cannot lessen the accused's right of access to a material

witness. In this type of case, the good faith of those acting on behalf of the State must come into question. It would hardly be fair to arm the State with the power to refute an accused's request for disclosure of a material witness simply by representing said individual to be unavailable.

Thus, we remand this case for the following proceedings. The Superior Court shall require the State to divulge the identity of the informer and *either* produce her or disclose her whereabouts. CrR 4.7(a)(3). If the State does not follow one of these courses, the charge shall be dismissed. Should the State produce the informer the Superior Court shall hold a hearing to determine whether her testimony could benefit Joseph. Alternatively, if the State discloses her identity and whereabouts, it will be the responsibility of Joseph to subpoena or depose the informer to allow the Superior Court to assess the relevance of his testimony. CrR 6.13(a). If the informer's testimony could benefit Joseph he shall be afforded a new trial. Otherwise, the conviction shall be affirmed.

Remanded for further proceedings consistent with this opinion.

JAMES and WILLIAMS, JJ., concur.