[No. 45229.   En Banc.   December 14, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES L. HARRIS, *Petitioner.*

*W. Gordon Kelley* and *Michael J. Platts,* for petitioner (appointed counsel for appeal).

*E. R. Whitmore, Jr., Prosecuting Attorney,* and *Grant A. Mueller, Deputy,* for respondent.

Horowitz, J.—This case concerns the exercise of the informer privilege where the informer for the State is a participant in the crime charged against the defendant. The principal question presented is whether the defendant is entitled to have disclosure of the identity and whereabouts of the informer, when the court neither knows nor takes any steps to ascertain whether knowledge of the informer's identity would be relevant and helpful to the defense.

Appellant James L. Harris was charged with delivery of a controlled substance, tried, and convicted in the Chelan

County Superior Court. The events leading to the charge took place in October 1976, in an alley behind a tavern in Wenatchee. Four persons were present—appellant Harris, Mr. Robert Morris, a police undercover agent, and an unnamed informer. The meeting was arranged by the informer. Appellant delivered to the undercover agent a bottle of Tedral, a drug containing phenobarbital, and allegedly bargained for and received $20 in return. Following the sale appellant and Morris were arrested and the informer left the scene.

At trial appellant testified, claiming he did not deliver the drugs, but that they were forcibly taken from him by the police officer. He had gone to the alley not to sell drugs, he claimed, but rather to find a bottle of liquor he had left there. He claimed he possessed the drugs through a valid prescription. Appellant moved for disclosure of the identity of the police informer, whose true identity and present whereabouts were, of course, unknown to him at that time. The motion was denied. Appellant was subsequently found guilty as charged.

On appeal the Court of Appeals concluded appellant's motion for disclosure was improperly denied, as the informer "was a material witness to the crime whose testimony could have corroborated either the arresting officer or Harris' testimony." *State v. Harris,* 18 Wn. App. 564, 568, 569 P.2d 84 (1977). The court filed an opinion ordering disclosure and a new trial. The clerk of the Court of Appeals subsequently received a letter from the office of the prosecuting attorney, informing the court that in Robert Morris' trial the judge had ordered disclosure of the informer's identity, the informer testified, that his testimony supported that of the police officer, and that defendant Morris was convicted. This letter is not a part of the record. The Court of Appeals then filed an order amending its opinion. Disclosure of the informer's identity was still required, but the trial court was to hold a hearing to determine whether the informer's testimony "could benefit" appellant. If so,

appellant was to receive a new trial; if not, the conviction was to be affirmed. *State v. Harris, supra* at 568.

Appellant Harris contends the Court of Appeals erred in amending its original opinion and ordering a hearing to determine whether the informer's testimony could benefit him. Denying him the right to present to the jury the testimony and demeanor of the informer, it is claimed, deprives him of his Sixth Amendment guaranty of trial by jury. We agree that if the informer's identity should have been disclosed, appellant is entitled to a new trial. However, as later appears, the record is insufficient to determine whether disclosure was necessary. We therefore hold the cause should be remanded to the trial court for an in camera hearing, to be conducted in accordance with the principles and standards set out below. On the basis of this hearing the court will determine whether the State should have been required to disclose the informer's identity at appellant's trial. If disclosure should have been required, appellant is entitled to a new trial. If disclosure need not have been required, appellant's conviction is affirmed.

█ The privilege of the government to withhold from disclosure the identity of police informers is known as the "informers' privilege." It is recognized in this state by both statute and court rule. RCW 5.60.060(5); CrR 4.7(f)(2). According to the leading United States Supreme Court decision on the informers' privilege, its purpose is to encourage citizens to communicate their knowledge to police in order to further and protect the public interest in law enforcement. *Roviaro v. United States*, 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957) (hereinafter referred to as *Roviaro*). The privilege is not absolute, and if disclosure of an informer's identity "is relevant and helpful to the defense . . . or is essential to a fair determination of the cause, the privilege must give way. In these situations, the trial court may require disclosure". *Roviaro, supra* at 60–61. Failure to order disclosure where required under the standards set out in *Roviaro* violates notions of fundamental fairness and is *prejudicial* error. *Roviaro, supra* at 60, 65.

Appellant contends disclosure of the informer's identity in this case was required under the *Roviaro* standard to ensure he receives a fair trial, and further that he has a constitutional right under the Sixth Amendment to have a jury see and hear the informer's testimony. The trial judge cannot be allowed to determine. in the first instance whether the informer's testimony could benefit appellant, it is claimed, as such a procedure would deprive him of his right to trial by jury of issues of fact which determine guilt or innocence. *See State v. Price,* 59 Wn.2d 788, 370 P.2d 979 (1962).

We agree with appellant that where disclosure is required under the standard set out in *Roviaro* and the trial court refuses to compel disclosure the defendant's remedy is a new trial. *See United States v. Tucker,* 552 F.2d 202 (7th Cir. 1977); *Thornton v. Georgia,* 238 Ga. 160, 231 S.E.2d 729 (1977); *People v. Stander,* 73 Mich. App. 617, 251 N.W.2d 258 (1976). The rationale of the rule in *Roviaro* is that disclosure of the informer's identity under certain circumstances is a matter of "the fundamental requirements of fairness." *Roviaro, supra* at 60. In other words, failure to compel disclosure under these circumstances will deprive a defendant of a fair trial. If a defendant does not receive a fair trial because of such a prejudicial error, the error cannot be harmless simply because a judge believes the testimony could not benefit the accused. In fact, if the accused is entitled to the information as a matter of fundamental fairness, it does not matter whether the testimony of the informer would support the accused or not. *United States v. Tucker, supra* at 208–09. The use the defense makes of the information, whether to compel the informer to testify or not, is solely for the accused to decide. *Roviaro, supra* at 64. Therefore, if disclosure is required in the first instance under the *Roviaro* standard, the court may not thereafter substitute its own judgment regarding the potential benefit of the informer's testimony for that of the defendant, or its

judgment regarding the reliability of the informer's testimony for that of the jury. In other words, the defendant must have a new trial.

■ It is not clear in this case, however, that appellant was in fact entitled to disclosure of the informer's identity at his trial. There is no fixed rule governing disclosure. The court must in each case balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro, supra* at 62. The proper balance must depend on the facts of the particular case, "taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro, supra* at 62. Giving consideration to these factors, then, if the court determines that disclosure is relevant and helpful to the defense, or essential to a fair determination of the cause, the court may require disclosure. *Roviaro, supra* at 60–61.

■ The preferred method for making this determination without prejudicing the rights of either the State or the defendant is for the court to hold an in camera session at which the judge hears the informer's testimony and applies the *Roviaro* standard. This procedure has been held not to deprive the defendant of his Sixth Amendment rights. *United States v. Doe,* 525 F.2d 878 (5th Cir.), *cert. denied,* 425 U.S. 976, 48 L. Ed. 2d 801, 96 S. Ct. 2179 (1976); *State v. Burleson,* 18 Wn. App. 233, 566 P.2d 1277 (1977). Our courts have the power to hold an in camera session under CrR 4.7(h)(6).

After hearing the informer's testimony, the judge must decide whether to compel disclosure. Under the prevailing federal rule, it will not necessarily be required unless knowledge of the informer's identity would be "relevant and helpful" to the defense under the circumstances, and in consideration of the factors outlined above. *See United States v. Doe, supra; United States v. Freund,* 525 F.2d 873 (5th Cir. 1976); *United States v. Soles,* 482 F.2d 105 (2d Cir.), *cert. denied,* 414 U.S. 1027, 38 L. Ed. 2d 319, 94 S. Ct. 455 (1973); *United States v. Lloyd,* 400 F.2d 414 (6th

Cir. 1968); *United States v. Jackson,* 384 F.2d 825 (3d Cir. 1967), *cert. denied,* 392 U.S. 932, 20 L. Ed. 2d 1390, 88 S. Ct. 2292 (1968). *See also People v. Stander, supra.*

It may be that even when the informer is a material witness, disclosure of his or her identity will not be required under this standard. In *United States v. Doe, supra,* on facts very similar to those of this case, the informer's identity was not required to be disclosed. The informer had arranged a meeting between an undercover police officer and the defendant, and was present at the sale of drugs to the officer. The trial judge, after listening to the informer's testimony in an in camera session, held that knowledge of the informer's identity could in no way be helpful to the defense. He did not order disclosure of the informer's identity. The Court of Appeals for the Fifth Circuit affirmed the order and the Supreme Court of the United States denied certiorari. In the instant case, then, the fact that the informer was a material witness is not dispositive of the question whether the *Roviaro* standard requires disclosure. The public interest in nondisclosure must be balanced against the other factors set out in *Roviaro* and noted above. This can best be accomplished in an in camera hearing.

Numerous federal courts have approved the in camera hearing as a method for applying the *Roviaro* balancing test and determining whether fundamental fairness requires disclosure of the informer's identity. *See, e.g., United States v. Freund, supra; United States v. Rawlinson,* 487 F.2d 5 (9th Cir. 1973), *cert. denied,* 415 U.S. 984, 39 L. Ed. 2d 881, 94 S. Ct. 1579 (1974); *McLawhorn v. North Carolina,* 484 F.2d 1 (4th Cir. 1973); *United States v. Soles, supra; United States v. Hurse,* 453 F.2d 128 (8th Cir. 1972), *cert. denied,* 414 U.S. 908, 38 L. Ed. 2d 146, 94 S. Ct. 245 (1973); *United States v. Lloyd, supra; United States v. Jackson, supra.* The Court of Appeals of this state, Division One, explicitly approved the procedure in *State v. Burleson, supra.*

Furthermore, several appellate courts, finding the trial judge improperly refused to disclose the informant's identity without first holding an in camera session to hear the informer's testimony, have remanded for such a hearing. *United States v. Freund, supra; United States v. Hurse, supra; United States v. Lloyd, supra; Thornton v. Georgia, supra; People v. Stander, supra.*

We therefore hold the case should be remanded for an in camera session between the trial judge and the informer to determine whether the State should have been required to disclose the informer's identity at appellant's trial. Considering all the factors noted above, including appellant's defense to the charge, the judge will decide whether disclosure of the identity would have been relevant and helpful to appellant or essential to a fair determination of the cause. If so, disclosure was erroneously denied at the first trial, and appellant is entitled to a new trial. If not, disclosure was not erroneously denied and appellant's conviction must be affirmed. Should the trial court determine disclosure need not have been required, appellant's remedy is to seek review of this exercise of the court's discretion.

It seems anomalous, of course, that the informer's identity is now a matter of public record, since, according to information supplied by appellant, the informer testified at the trial of Robert Morris. We note we have no way of knowing the whereabouts of the informer, either past or present. This information is as important to a defendant, of course, as the identity of the informer. In any event, the issue before us is whether appellant received a fair trial. At the time of that trial, the time relevant for this appeal, the informer's identity and whereabouts were not known to the defense. Our rule is fashioned so as to determine whether appellant was entitled *then* to compel disclosure of this information. This question is unaffected by the fact the informer's identity was later divulged. Nor are we bound by the fact that the informer's identity was allegedly compelled in the other proceeding. That proceeding is not a part of the record here and the propriety of that ruling is

not before this court. Furthermore, this court cannot take judicial notice of decisions taken in separate proceedings not engrafted, ancillary, or supplementary to this action. *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 816, 370 P.2d 867 (1962). The trial of Robert Morris is therefore irrelevant to a determination of this appeal.

The judgment of the Court of Appeals is modified and the case remanded for further proceedings in accordance with this opinion.

STAFFORD, UTTER, and DOLLIVER, JJ., concur.

HICKS, J. (concurring in part; dissenting in part)—I have no quarrel with the result fashioned by the majority when applied to the normal factual pattern. This is not such a case, however. Of the myriad of cases enumerated by the majority, only one is cited as having facts similar to the case on appeal; and I am sharply in disagreement as to the applicability of that one, *United States v. Doe,* 525 F.2d 878 (5th Cir.), *cert. denied, United States v. Lujan,* 425 U.S. 976, 48 L. Ed. 2d 801, 96 S. Ct. 2179 (1976).

In *Doe,* only one defendant was charged and tried, and disclosure of the informant was refused. In the present case, however, a single transaction resulted in the charging of two defendants who had separate trials before different judges. The trial of appellant Harris occurred first and disclosure of the informant was denied. At the trial of the second defendant, disclosure of the informant was compelled and he testified. His identity is now known to the world.

The majority holds that this case "should be remanded for an in camera session between the trial judge and the informer to determine whether the State should have been required to disclose the informer's identity at appellant's trial." The *Roviaro* inquiry into disclosure of the identity of an informant centers on the likelihood that the informant possesses facts which are "relevant and helpful" to the accused in preparing a defense. *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). An in

camera hearing has been found to be the appropriate procedural vehicle to accommodate conflicting concerns: "A limited disclosure of identity and information to the trial judge recognizes the government's interest in maintaining anonymity . . ." *United States v. Freund, 525 F.2d 873, 877 (5th Cir. 1976).*

On remand, in this particular case, what purpose will be served by holding a *Roviaro* type determination in an in camera session? The government's reason for anonymity and protecting the identification of its informant no longer exists. There are no adverse interests to balance. Only the issue of the defendant's right to confrontation and cross-examination remains.

In remanding for further proceedings to determine if disclosure should have been required at the original trial, the fact that the informant's identity is now known cannot be disregarded.

In camera procedure is inappropriate when in camera protection is no longer required. I dissent on that issue. The hearing on remand should be in open court with cross-examination permitted to the defendant.

ROSELLINI, HAMILTON, and BRACHTENBACH, JJ., concur with HICKS, J.

WRIGHT, C.J. (dissenting)—I fully agree with the view of Mr. Justice Hicks relative to the suggestion for an in camera session, which could serve no useful purpose. What seems to be overlooked is the virtual certainty that defendant actually knew at all times the identity of the informer, and, therefore, the demand by defendant for disclosure of the identity of the informer was no more than a trial tactic—either in a studied effort to introduce error into the record or for delay.

The facts would seem to speak for themselves. There were four persons in the alley when the sale of the con-

trolled substance and the arrest took place. One of the four was appellant, another was Morris, who was a defendant in another case involving the same facts, and another was the undercover agent who immediately arrested both appellant and Morris. That leaves only the informer. He had had a substantial part in arranging the meeting where the sale took place. He was clearly well known to both appellant and to Morris. They both knew he was present in the alley and they knew the officer permitted him to leave. It is absolutely beyond the realm of credulity to even claim that appellant did not know the identity of the informer.

The claim of appellant is wholly without merit. I would affirm.