[Nos. 4473–1–II; 4475–7–II.   Division Two.   March 23, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. ROLAND J. ELLIS, *Appellant.*

*L. S. Edmondson,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Thomas D. Dinwiddie, Deputy,* for respondent.

PETRIE, J.—Roland J. Ellis appeals a sentence to consecutive terms of 5 and 10 years, respectively, following his conviction by jury verdicts of the crimes of (1) possession of cocaine on July 12, 1979, and (2) delivery of heroin on July 19. On appeal Ellis contends the trial court erred by sustaining the State's objections to his attempts at trial to obtain the identity of a confidential informant (or informants) who had supplied information (1) to the police officers who arrested him on the possession charge, and (2) to the federal drug enforcement agent to whom Ellis allegedly delivered the heroin. We find no error and affirm the judgment and sentence.

We note preliminarily that neither at nor before trial did defendant seek an in camera hearing as a prerequisite to compulsory disclosure of the informant's identity. Neither does he on appeal seek remand for an in camera hearing. Indeed, he disdains such a preliminary step, describing it as a sterile exercise of discretion by a trial judge inadequate to protect his right to a fair trial.

We start our analysis with a recognition that the State's privilege to withhold the identity of persons who furnish information of violations of law is limited by its purpose, to wit, to encourage persons to recognize and perform their obligation to contribute to the common goal of insuring domestic tranquility. This public interest in protecting the flow of information must be balanced against an individual's right to prepare his defense when charged with a crime. *Roviaro v. United States,* 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623 (1957). *Roviaro* also teaches that whether a proper balance renders nondisclosure erroneous depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible significance of

the informer's testimony, and other relevant factors. Where the disclosure of the informer's identity is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way. *Roviaro v. United States, supra.*

In this jurisdiction, at least when the informant's identity is not a matter of public knowledge, an in camera hearing is the proper device to determine whether disclosure will be relevant and helpful to an accused or essential to a fair determination of the cause. *State v. Harris,* 91 Wn.2d 145, 588 P.2d 720 (1978). Because defendant in the case at bench disdains the use of this approach and, instead, insists upon disclosure without recourse to an in camera proceeding as the appropriate device to balance the conflicting interests, we hold he has waived any right to demand disclosure.

Judgment affirmed.

PETRICH, C.J., and WORSWICK, J., concur.