**UNITED STATES of America,**
**Plaintiff,**

v.

**James Edward STRANGE, Defendant.**

**Crim. A. No. 7176.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 8, 1970.

Edward Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

Ben W. Hooper, II, Newport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

The United States of America has requested this Court to conduct a private *in camera* interview to ascertain whether it will be required to reveal the name of its confidential informant herein or dismiss this action, if required by the Court to reveal such identity. United States v. Lloyd, *infra,* sets out the guidelines for such a procedure. United States v. Jackson, C.A.6th (1970), 422 F.2d 975, 977 [1]. As former Circuit Judge Combs stated:

\* \* \* \* \* \*

The identity of persons supplying the Government with information regarding the commission of crimes usually is privileged and the Government may refuse to divulge it.

\* \* \* The rationale for the rule is that citizens are more likely to communicate to law enforcement officials their knowledge of criminal activities if their anonymity is preserved. \* \* \* A court is reluctant to require that an informer's identity be revealed. But the privilege is not absolute. The Supreme Court in [United States v.] Roviaro [(1957), 353 U. S. 53, 77 S.Ct. 623, 1 L.Ed. (2d) 639] said:

"A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." 353 U.S. at 60–61, 77 S.Ct. at 628.

\* \* \* \* \* \*

"The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 62, 77 S.Ct. at 629.

[Where the informer set up and participated in the illegal transaction and was a key witness] \* \* \* the courts have more often required disclosure of the identity of the informer. \* \* \*

United States v. Lloyd, *supra*, C.A. 6th (1968), 400 F.2d 414, 415–416 [1].

■■ It is not made to appear herein whether the person whom the prosecution states " \* \* \* may be classified as an informer \* \* \* " set up and participated in an illegal transaction involving this defendant and whether such informant will be a key witness against Mr. Strange. The affidavit of the prosecuting attorney does state, however, that " \* \* \* if his [the informant's] identity is disclosed there is a great possibility that the person's life would be endangered. \* \* \* " If informers are in jeopardy of losing their lives or suffering grave bodily harm, disclosure usually is not ordered unless such identity is helpful or essential to a fair determination of the issues. United States v. Jackson, C.A. 3rd (1967), 384 F.2d 825, 827 [1], n. 1; see also United States v. Day, C.A. 3rd (1967), 384 F.2d 464, 466 (concurrence).

The prosecution's motion for an *in camera* examination by the Court of the person "who may be classified as an informer" herein hereby is

Granted. Present at such examination shall be only the Court, the informant and the official court reporter assigned to this division. The proceedings thereof will be sealed and available only to the pertinent members of the United States Court of Appeals for the Sixth Circuit at any relevant time. An order governing such examination will also be sealed after entry by the clerk and service by the clerk upon Robert E. Simpson, Esq., assistant United States attorney for this district.