**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Raymond BOYD, Jr.,**
**Defendant-Appellant.**

**No. 79–5162.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 13, 1980.

Decided April 28, 1980.

Dennis A. Lieberman, Dayton, Ohio (Court-appointed), for defendant-appellant.

James C. Cissell, U. S. Atty., Dayton, Ohio, William R. Martin, Cincinnati, Ohio, for plaintiff-appellee.

Before MERRITT, KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Raymond Boyd, Jr. appeals from a jury conviction of breaking into a mail receptacle (Count I) and unlawfully abstracting a letter (Count II) in violation of 18 U.S.C. §§ 1705 and 1708, respectively. He received consecutive sentences of one year's imprisonment on Count I and three years on Count II.

Boyd bases his appeal on the following contentions: (1) the prosecutor, in his closing argument to the jury, violated Boyd's fifth amendment privilege by commenting on the defendant's silence after arrest; (2) the trial court erred in refusing to instruct the jury to examine the reliability of identification witnesses; (3) the trial court erred in admitting hearsay testimony as an "excited utterance;" (4) the government failed to comply fully with the criminal discovery rules and the Jencks Act; (5) the trial court should have granted a continuance to allow Boyd to locate a material witness; and (6)

the jury's verdict was not supported by substantial evidence.

On February 1, 1979, two men broke into a U.S. Mail car in Dayton, Ohio. Three witnesses positively identified Boyd as one of those men. Ronald Trammell witnessed the break-in and recognized Boyd. Code-fendant Melvin Jarvis told Trammell "not to worry" about his own check—"we are going to take care of yours." A nearby resident observed that Boyd was wearing a long blue coat and blue and yellow ski mask on the day of the crime. Mary Lois Taylor, Jarvis' girlfriend, testified that she found Boyd and Jarvis opening a large stack of mail in her apartment after the break-in. Trammell also testified that some of the mail was taken to his apartment where Boyd attempted to hide his coat and ski mask. Trammell led the police to Jarvis' apartment where Boyd was found, arrested, and properly advised of his rights. On the way to the police car Boyd told the police that an approaching suspect "was not the other one."

Boyd chose not to testify at his trial. During the government's closing argument, the prosecutor commented: "Where is Mr. Boyd when they go arrest him? He is in Jarvis' apartment in bed at 3 p. m. Nobody said a word to Boyd. Boyd didn't have to say anything. Why didn't Boyd tell the policeman 'you got the wrong man? I am not the guy.'" Defendant argues that this remark abridged his fifth amendment right to remain silent. The government contends that the prosecutor did not commit error. We disagree.

 We have long recognized that prosecutors have a responsibility to promote justice; adherence to proper methods in seeking a conviction is part of that duty. *Berger v. U. S.*, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), and *U. S. v. Anderson*, 562 F.2d 394 (6th Cir. 1977). To suggest that a defendant's silence implies guilt is forbidden. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), and *Charles v. Anderson*, 610 F.2d 417 (6th Cir. 1979). That however, is precisely what occurred here. The prosecutor, in effect,

asked the jury to draw an inference that Boyd would have denied his guilt if he had in fact been innocent. The remark, was, therefore, improper and constituted error. *U. S. v. Smith*, 500 F.2d 293 (6th Cir. 1974).

We must now consider whether or not this error requires us to set aside the jury's verdict. In *U. S. v. Leon*, 534 F.2d 667, 679 (6th Cir. 1976), we articulated the standard used to determine the harmless or reversible character of a prosecutorial error:

> [W]e consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused. (Citation omitted).

On balance, we do not believe that the prosecutor's single reference to Boyd's statement about "the other one" could have misled the jury about Boyd's participation in the crime.

The crucial aspect of our analysis is the overwhelming evidence of Boyd's guilt. Even if the prosecutor had refrained from making his improper comment, the jury could still not have entertained a reasonable doubt that Boyd was guilty as charged. Three eyewitnesses placed him at the scene of the crime; two of them, who knew Boyd personally, observed him opening the stolen mail. This is not a case which turns on doubtful testimony or circumstantial evidence. *See Eberhardt v. Bordenkircher*, 605 F.2d 275 (6th Cir. 1979). Although the prosecutor's incursion on the defendant's rights merits stern censure, we are compelled in this instance to hold his error harmless.

 In his second argument on appeal, Boyd contends that the jury should have been instructed to examine the reliability of the identification testimony. In this Circuit, however, identification instructions are within the discretion of the trial court; they need be given only where there is a danger of misidentification due to lack of

corroborative evidence. *U. S. v. Scott*, 578 F.2d 1186 (6th Cir.), *cert. denied*, 439 U.S. 870, 99 S.Ct. 201, 58 L.Ed.2d 182 (1978). In this case, the testimony of Taylor, Trammell, and the defendant's neighbor, Cheryl Bell, obviated the need for special instructions. All three witnesses positively identified Boyd as a participant in the crime. Under these circumstances, the trial judge's charge adequately advised the jury of the government's burden of proof. *See U. S. v. Mattucci*, 502 F.2d 883 (6th Cir. 1974).

■ Third, Boyd submits that the trial court erred when it admitted, under the "excited utterance" exception to the hearsay rule, a police witness' description of unidentified persons pointing out Jarvis' apartment. The defendant himself, through his attorney, introduced the issue during cross-examination of the government's witness. Once the question was raised, the government was free to pursue it. The trial judge was certainly justified in finding that the excitement generated by Boyd's running from apartment to apartment with stolen mail, coupled with the appearance of police on the scene, brought the disputed testimony within the "excited utterance" exception. Fed.R.Evid. 803(2).

■ Next, Boyd contends that notes of government witnesses should have been produced and that he had a right to inspect and copy reports of incriminating statements he had made. The government argues that the verbatim recital of Boyd's statement satisfied Rule 16(a), Fed.R. Crim.P. Defense counsel obtained the incriminating statement two weeks before the trial. He also received a copy of the government witness' report prior to the close of his testimony, in compliance with 18 U.S.C. § 3500(a). Thus, the government fulfilled its obligations under the discovery rules and Boyd was not prejudiced in any way.

■ Boyd's remaining arguments are likewise without merit. The trial court did not abuse its discretion when it refused to grant a continuance. To justify a continuance for the purpose of locating a witness, the moving party must show that the witness would have given substantial favorable evidence and that he was available and willing to testify. *See U. S. v. Medina-Arellano*, 569 F.2d 349 (5th Cir. 1978). Here, a bench warrant had failed to produce Boyd's exculpator, and the court properly proceeded with the trial.

■ Finally, Boyd's guilt was proved beyond a reasonable doubt. The evidence submitted to the jury clearly established his participation in the crime, and we find that the verdict was supported by substantial and competent evidence. *See U. S. v. Eisner*, 533 F.2d 987 (6th Cir.), *cert. denied*, 429 U.S. 919, 97 S.Ct. 314, 50 L.Ed.2d 286 (1976).

The judgment of the district court is therefore affirmed.