820 F.2d 1225
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Robert NOVACHICH, Defendant-Appellee.
 No. 86-5370
 United States Court of Appeals, Sixth Circuit.
 June 18, 1987.
 
 Before: GUY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 * Robert Novachich was convicted of possession of cocaine with intent to distribute. He argued at trial against the legality of a search warrant authorizing the seizure of evidence from a building he owned, and moved to suppress the evidence. He also requested the names of confidential informants whose information was the basis for the search warrant, and moved for a bill of particulars on the indictment. All these motions were overruled. On appeal, Novachich argues that the district court committed reversible error by 1) overruling his motions, and 2) permitting closing prosecutorial remarks implying that defendant bore some burden of proof. Because we find that there was no error in overruling Novachich's motions, and that the error, if any, in permitting the prosecutor's remarks was harmless, we affirm the district court's verdict.
 
 II
 
 2
 On November 6, 1985, Cincinnati police officer Robert Reuebusch obtained a search warrant, based primarily upon information from two confidential informants, for a building owned by appellant Robert Novachich. Later that afternoon, based on a tip, Reuebusch told state officers at the Greater Cincinnati Airport that Novachich would pick up a cocaine courier travelling with the courier's family. The officers at the airport, Engelman and Starnes, discovered a family of four, actually named Wissman, but flying under the last name Novachich. The officers followed the family to a car that fit a description of Novachich's car, given to them earlier by Reuebusch. A search of the family's luggage did not reveal any cocaine, and the officers let them depart.
 
 
 3
 The officers discovered an unclaimed checked suitcase similar to the type used by the Wissmans, with a name tag labeled 'Nova.' After obtaining a federal search warrant, the officers opened the suitcase and found a diaper containing cocaine. The bag was later claimed by Merrill Taylor and Raymond Culley, who were arrested.
 
 
 4
 Early the next morning, Reuebusch and other officers searched Novachich's office pursuant to the state warrant, where they found the Wissmans' tickets, drug paraphernalia, notes and documents which arguably referred to drug sales, and a note of the arrival time of the Wissmans' flight. Novachich was then arrested.
 
 
 5
 At trial, Wissman and Culley testified against Novachich. Drug Enforcement Agency Agent Bill Modesitt also testified about the street value of the seized cocaine, and about the uses of the seized drug paraphernalia and notes, to which testimony Novachich objected. Novachich moved to suppress the evidence seized under the state search warrant, arguing that it was illegal. He also requested the names of the confidential informants and moved for a bill of particulars on the indictment. All these objections and motions were overruled.
 
 
 6
 Novachich commented in his closing argument that the government did not call several parties as witnesses, and that those witnesses would have had important testimony. The prosecutor secured the court's permission to respond that the witnesses were just as available to the defense as to the government without objection from Novachich. She did respond, noting that 'if there are witnesses that weren't called, they are just as available to Mr. Novachich. He's given the opportunity, if he so chooses, to put on witnesses.' Trial Transcript Vol. 3, p. 31. However, later in the argument she went further:
 
 
 7
 Now I stood here and waited to hear the explanations. I waited to hear an explanation about the trip the previous month . . .. Well, I sat there, actually and waited for the explanation about the purchase of the tickets, why he would buy tickets for this family for a so-called vacation.
 
 
 8
 Trial Transcript Vol. 3, p. 37. Novachich then objected, but the court overruled his objection.
 
 
 9
 The jury convicted Novachich of possession of cocaine with intent to distribute.
 
 III
 
 10
 Novachich argues that the trial court erred in permitting the prosecutor to respond to his counsel's comments about the absence of certain witnesses. We note that defense counsel should have obtained the court's permission to make such comments, United States v. Beeler, 587 F.2d 340, 343 (6th Cir.), cert. denied, 454 U.S. 860 (1981); United States v. Blakemore, 489 F.2d 193, 196 (6th Cir. 1973), but did not do so.
 
 
 11
 There is a fine line between properly pointing out to a jury that a defendant has not responded to evidence presented by the prosecution, and improperly suggesting that the defendant has the burden of presenting evidence or of proving himself innocent. In this case, the prosecutor stated: 1) that if the testimony of these witnesses would have been so positive, Novachich could have called them himself; 2) Novachich failed to provide an explanation for an earlier trip and airplane ticket; 3) Novachich's attorney made statements which weren't substantiated by testimony; 4) Novachich failed to explain his purchase of the Wissmans' airplane tickets; and 5) Novachich failed to explain the presence in his office of cards from the hotel where the Wissmans stayed, with annotations arguably related to drug sales.
 
 
 12
 As to the first comment, Novachich implied that the testimony of those witnesses was unfavorable to the government's argument. For the government to respond that Novachich could have called them, had their testimony been unfavorable, merely responds to Novachich's argument rather than placing any additional burden on him. The third comment is also proper argumentation, appealing to the jury's recollection of the evidence. Thus, we must determine whether the admission over objection of the second, fourth and fifth comments is error requiring reversal.
 
 
 13
 In United States v. Leon, 534 F.2d 667 (6th Cir. 1976), we noted that '[i]n every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proofs introduced to establish the guilt of the accused.' Id. at 679.
 
 
 14
 It is true that in United States v. Smith, 500 F.2d 293 (6th Cir. 1974), we reversed a conviction because the prosecutor stated that the 'jury should 'require' the defendants to present a reasonable explanation of the meaning of taped wiretap evidence . . ..' Id. at 294. However, in the Smith case, the prosecutor's comment suggested that the jury had to find the defendants guilty unless they testified as to an alternative explanation for telephone calls. We held that this violated the defendants' Fifth Amendment freedom from self-incrimination. In the present case, the prosecutor's comments were intended to draw the jury's attention to the paucity of evidence or argument opposing the prosecution's evidence, rather than to the fact that Novachich didn't testify. Thus, the injury to Novachich's Fifth Amendment rights is less than was the case in Smith.
 
 
 15
 Looking to the Leon test, it is undeniable that the prosecutor's comments could have significantly misled the jury. Those comments constitute a small, yet significant, portion of the prosecutor's closing remarks. However, the comments, prejudicial though they may have been, to some extent flowed from Novachich's implication that the testimony of those witnesses was unfavorable to the government's argument. Thus, they were not necessarily a deliberate effort to shift the burden of proof. Most importantly, the competent proofs placed before the jury were extremely strong. As the Supreme Court stated in United States v. Hastings, 461 U.S. 499 (1983), '[t]he question a reviewing court must ask is this: absent the prosecutor's allusion to the failure of the defense to proffer evidence . . ., is it clear that the jury would have returned a verdict of guilty?' Id. at 510-511. There was testimony by Wissman and Culley, the cocaine found at the airport, and the drug paraphernalia and notes pertaining to drug sales found in Novachich's office. As we stated in United States v. Boyd, 620 F.2d 129 (6th Cir. 1980),
 
 
 16
 [e]ven if the prosecutor had refrained from making his improper comment, the jury could still not have entertained a reasonable doubt that [the defendant] was guilty as charged . . .. This is not a case which turns on doubtful testimony or circumstantial evidence. Although the prosecutor's incursion on the defendant's rights merits stern censure, we are compelled in this instance to hold his error harmless.
 
 
 17
 Id. at 131.
 
 
 18
 The prosecutor exceeded the bounds of proper argument in making these statements. However, the error was harmless, in the circumstances of this case.
 
 IV
 
 19
 Novachich makes several other arguments on appeal, which can be disposed of briefly. He argues that there was no probable cause for the search warrant, because it was obtained in state court, and because it was based on tips from confidential informants. In order for evidence seized under a search warrant to be admissible in a federal trial, it is not necessary that the search warrant allege facts constituting a federal offense. U.S. v. Chavez, 603 F.2d 143, 146, (5th Cir.), cert. denied, 444 U.S. 1018 (1980); U.S. v. Millar, 543 F.2d 1280 (10th Cir. 1976). Although a search and seizure by state officers is judged as if conducted by federal officers, Elkins v. United States, 364 U.S. 206 (1960); United States v. Staller, 616 F.2d 1284 (11th Cir.), cert. denied, 449 U.S. 869 (1980), the validity of the search warrant based on an informant's tip is judged by a totality of the circumstances approach. Illinois v. Gates, 462 U.S. 213 (1983). The issuing magistrate's decision is reviewed under a deferential standard, and is correct if the magistrate had "a substantial basis for . . . conclud[ing]' that a search would uncover evidence of wrongdoing . . ..' Gates, 462 U.S. at 236, quoting Jones v. United States, 362 U.S. 257, 271 (1960).
 
 
 20
 Reuebusch's affidavit to the Magistrate stated that he had received reliable information from two informants who had purchased cocaine from Novachich, one of whom had made controlled buys from Novachich. This was sufficient for the magistrate to believe that probable cause existed to indicate a crime was being committed on the premises. United States v. Hodge, 539 F.2d 898 (6th Cir.), cert. denied sub. nom. Robertson v. United States, 429 U.S. 1091 (1976); United States v. Tellis, 538 F.2d 1254 (6th Cir. 1976).
 
 
 21
 Novachich also argues that because he did not know the identities of the informants, it was impossible for him to determine whether to plea bargain or go to trial, nor could he establish the absence of probable cause supporting the search warrant. He cites several cases for the proposition that if an informant has made a drug purchase, he must be produced in court for cross-examination to establish or negate the fact of sale, distribution intent, or the actual transaction itself. Roviaro v. United States, 353 U.S. 53 (1957); United States v. Barnett, 418 F.2d 309 (6th Cir. 1969); United States v. Lloyd, 400 F.2d 414 (6th Cir. 1968). But Novachich fails to note that in each of those cases the informant was a participant in the specific crime with which the defendant was charged. When the informant is not a participant, the defendant has no right to the identity of the informant. United States. v. Whitley, 734 F.2d 1129 (6th Cir. 1984); United States v. McManus, 560 F.2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978). Novachich fails to distinguish between an informant who is a participant in and witness to the charged crime, and one who only provides information which leads to independent evidence of the defendant's participation in the charged crime, to which the informant is not a witness.
 
 
 22
 Novachich's other arguments have been carefully reviewed, and are without merit. The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Judge for the Eastern District of Michigan, sitting by designation