845 F.2d 328
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman Darry WALKER, Defendant-Appellant,
v.
UNITED STATES, Plaintiff-Appellee.
 Nos. 87-5721, 87-5505.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant, Herman Darry Walker (Walker or defendant), has appealed from his conviction following a jury trial on one count of theft or receipt of stolen mail pursuant to 18 U.S.C.A. Sec. 1708 (West 1984) and one count of conspiracy to violate that same statute.
 
 
 2
 Testifying at the defendant's trial were Michael McNeil (McNeil) and Herbert Crump (Crump), both of whom had been indicted as co-defendants along with Walker.[1] McNeil testified that it had been Walker's idea to purchase stolen checks and then to resell them, using Crump as a fence to contact a buyer. McNeil also stated that he and Walker had agreed to divide the proceeds equally, after paying Crump $800 for his services as the broker. McNeil also testified that it was Walker who had selected the checks to be resold; who had decided to cache a number of the checks in a trash container near the rendezvous point; who had driven himself, McNeil and Crump to the rendezvous with the purchaser, and who eventually delivered the checks to the buyer (who turned out to be an undercover postal inspector). Similarly, Crump testified that it had been Walker who had approached him about serving as the fence to sell the stolen checks; who had assumed the dominant role in selecting the particular stolen checks to be resold; and who had driven Crump and McNeil to the various locations involved both in the purchase and resale of the stolen checks.
 
 
 3
 In contrast, when he testified, Walker denied being involved in the scheme to purchase and resell stolen checks. Walker stated that his only involvement consisted of transporting McNeil and Crump to various locations for an unknown purpose, in return for $10.00 in gas money and $25.00 for chauffeur services. The defendant claimed that neither McNeil nor Crump ever advised him of the purpose of these excursions. The jury convicted the defendant on both the substantive and the conspiracy counts on April 15, 1987.
 
 
 4
 On appeal, the defendant has charged he was deprived of his right to cross-examine the government's fingerprint expert whom the government did not present as a witness. Defendant argued that the court's refusal to order the government to present the witness during its case-in-chief violated Federal Rule of Evidence 611(b), which provides that cross-examination should generally be permitted regarding matters relating to the credibility of a witness. Defendant has proffered that the expert testimony would have demonstrated that his fingerprints were not found on the stolen checks which testimony would have eroded the credibility of McNeil and Crump, both of whom had testified that the defendant had handled the checks in the process of selecting those which would be resold.
 
 
 5
 This argument, however, misperceives the focus of Rule 611(b). That rule is directed toward providing the vehicle of cross-examination to challenge the credibility of a testifying witness. See Fed.R.Evid. 611(b); see, e.g., United States v. Callahan, 551 F.2d 733, 736 (6th Cir.1977). In the instant case, the defendant was attempting to challenge the credibility of the co-defendants, McNeil and Crump, rather than the government's fingerprint expert who was not presented as a government witness. The proper method of challenging the credibility of McNeil and Crump would have been during cross-examination of those individuals themselves or by calling the fingerprint expert as a defense witness.
 
 
 6
 The record disclosed that the district court did not preclude the defendant from introducing the testimony of the expert witness to prove that the checks had been examined for fingerprints, moreover, the court informed the defendant that the evidence would be admissible from the expert who could also attest to the results of his examination.
 
 
 7
 The defendant further charged that the district court erred in refusing a continuance of the trial to permit him to locate and perfect service of process on a witness named James Murphy (Murphy).[2] The defendant had drafted a subpoena for Murphy on March 31, 1987. On April 12, 1987, the day before the trial was to commence, the defendant moved the district court for a continuance asserting that he had been unable to locate Murphy. The district court denied the motion, and the trial proceeded as scheduled.
 
 
 8
 "To justify a continuance for the purpose of locating a witness, the moving party must show that the witness would have given substantial favorable evidence and that he was available and willing to testify." United States v. Boyd, 620 F.2d 129, 132 (6th Cir.1980). In the instant appeal, the defendant admitted that he was unaware of Murphy's whereabouts, and thus could not assure the court that Murphy was available or that he would have been willing to testify on the defendant's behalf. The defendant had offered Murphy as a witness only for the limited purpose of testifying that he had introduced the defendant to McNeil and Crump as an individual who could act as their chauffeur. In light of the testimony given by McNeil and Crump at trial as to the defendant's extensive participation in this stolen check operation, the proffered testimony of Murphy would not have risen to the level of substantially favorable evidence. The district court thus properly denied defendant's request for a continuance.
 
 
 9
 Finally, the defendant argued that the district court erred in denying his request to be released on bail pending the outcome of the appeal to this court, pursuant to 18 U.S.C.A. Sec. 3143(b) (West 1985 & Supp.1987). This statute accords the district court the authority to determine whether the defendant's allegations of error were of sufficiently substantiality to warrant release pending appeal to this court. In the instant case, the district court determined that the defendant's appeal did not present any substantial questions of law or fact and was thus not likely to lead to a reversal or new trial, and consequently denied the request for bail.
 
 
 10
 The decision of the district court is examined upon appellate review only for an abuse of discretion. United States v. Miller, 753 F.2d 19, 23 (3rd Cir.1985). In the instant case, where the district court evaluated the defendant's request for release pending appeal under the criteria enumerated in the statute, this court finds no abuse of discretion in the district court's conclusion that the defendant failed to satisfy those requirements. United States v. Greenberg, 772 F.2d 340, 341 (7th Cir.1985).
 
 
 11
 After reviewing the record in its entirety and the arguments of counsel, this court concludes all other assignments of error to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 McNeil and Crump plead guilty before defendant's trial began
 
 
 [2]
 Walker had testified at trial that Murphy told him that McNeil and Crump were in need of an automobile and driver to perform some errands