**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Janet Elaine SCISNEY,
Defendant–Appellant.**

**No. 88–6376.**

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 11, 1989.

Decided Sept. 19, 1989.

Joseph M. Whittle, U.S. Atty., Monica Wheatley, Asst. U.S. Atty. (argued), Louisville, Ky., for plaintiff-appellee.

Michael O. Hayes (argued), Owensboro, Ky., for defendant-appellant.

Before KEITH and GUY, Circuit Judges, and HULL, Chief District Judge.[*]

RALPH B. GUY, Jr., Circuit Judge.

Defendant, Janet Scisney, was tried and convicted of bank robbery. Scisney testified in her own behalf at trial and denied being the bank robber. Her boyfriend, David Stone, also offered some rather weak alibi testimony. Credibility was thus an issue. The government, after securing a favorable ruling in advance, introduced a prior misdemeanor shoplifting conviction of defendant pursuant to Federal Rule of Evidence 609(a)(2). The sole issue raised on appeal is whether this admission was error requiring a reversal. Upon review, we find the admission of the shoplifting conviction to have been harmless error and affirm the conviction.

I.

Federal Rule of Evidence 609 reads in relevant part as follows:

(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness

---

[*] The Honorable Thomas G. Hull, Chief Judge for the Eastern District of Tennessee, sitting by designation.

was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

In 1968, prior to the adoption of the Federal Rules of Evidence, this court decided *United States v. Lloyd*, 400 F.2d 414 (6th Cir.1968). In *Lloyd*, which was a narcotics prosecution, the government introduced evidence of a prior shoplifting conviction against the defendant. Finding no error on appeal, we stated:

> But, a witness may be impeached by inquiry into prior misdemeanor convictions if these crimes involve moral turpitude. *United States v. Bell*, 351 F.2d 868 (6th Cir.1965). Shoplifting, whether it be labelled as felony or misdemeanor, involves moral turpitude.

*Id.* at 417. The government argues on appeal, as they successfully did before the trial judge, that "moral turpitude" should be equated with the "dishonesty or false statements" referenced in Federal Rule of Evidence 609(a)(2). Although we would tend to agree that crimes involving "dishonesty or false statements" implicate "moral turpitude," we are less convinced that "moral turpitude" always involves "dishonesty or false statements" as that term was intended by Congress.[1] Although this is one of those little rules conundrums that intrigue academia, we find nothing to be served by any extended discussion of this issue under the facts of this case. Scisney's shoplifting consisted of taking one fifty-seven cent box of baking soda from a grocery store. Without intending to bind future courts on this general issue, we conclude that that was not the type of conviction involving dishonesty or false statement anticipated by the rule, and that the government should not have been allowed to use it.

## II.

Evidentiary rulings involving error under Federal Rule of Evidence 609 are subject to harmless error analysis. *United States v. Newman*, 849 F.2d 156 (5th Cir. 1988); *United States v. Byrd*, 771 F.2d 215 (7th Cir.1985); *United States v. Blackburn*, 592 F.2d 300 (6th Cir.1979). Insofar as prior convictions involving the defendant are concerned, the court properly allowed the government to show that Scisney was convicted in 1985 of intent to defraud by making false statements. Logically, this would be the conviction, if any, which the jury would weigh more heavily in making a credibility determination. Also, the jury properly learned, because it was relevant to the proofs, that part of the bank robbery proceeds were used to pay off a $500 fine that Scisney owed and in connection with which a bench warrant had issued.[2] The point being—the jury knew Scisney had prior brushes with the law and the shoplifting conviction was the least of those.

Furthermore, the prosecutor, to her credit, treaded very lightly on the whole issue of prior convictions. The only trial reference was right at the end of defendant's cross-examination when the following exchange occurred:

Q. Are you the same Janet Scisney who was convicted of shoplifting on September 25th, 1987, in Christian District Court?

A. Yes, I am.

Q. And are you the same Janet Scisney that was convicted of intent to defraud by making false statements on May 1, 1985 in Hopkins Circuit Court?

A. Yes, I am.

Q. MS. WHEATLEY: That's all I have, Your Honor. Thank you.

Most significantly, however, the case against Scisney was a strong one. She was

---

**1.** In *United States v. Ashley*, 569 F.2d 975 (5th Cir.), *cert. denied*, 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978), the court specifically held that shoplifting was not a crime involving "dishonesty or false statement" under Rule 609. In a footnote the court references our *Lloyd* case as the only case holding that shoplifting was an appropriate conviction to be used for impeachment purposes, pointing out that *Lloyd* was a pre-federal rules case.

**2.** The local chief of police warned Scisney the night before the bank robbery that Scisney was going to be arrested pursuant to the bench warrant. Scisney asked for, and received, one day of grace in which to raise the money.

positively identified in court by the teller she robbed, who also had picked her photo from a photo spread immediately after the robbery. Other than wearing dark glasses and a hat, Scisney made no attempt to disguise her appearance during the robbery. After the robbery, she and her boyfriend purchased three separate money orders and a number of miscellaneous items, using $100 bills. She was able to pay off her outstanding fine as well as pay back $20 she had borrowed the previous day. All of her acquaintances who testified at trial indicated that she went from impecuniousness to relative affluence within a twenty-four hour period. Her boyfriend told a number of conflicting stories to the authorities. Although "overwhelming" might be too strong a word to describe the government's case, it was solid enough overall, and convinces us that any error involved in the brief reference to the prior shoplifting conviction was harmless as a matter of law.

AFFIRMED.